BRADY, Justice.
This is an appeal from a jury verdict rendered in the Circuit Court of the Second *109 Judicial District of Hinds County, Mississippi, for the defendants, Sports Cars, Ltd., and Big 10 Tire Company, Inc., both of which are Mississippi corporations. Appellant sought recovery for personal injuries and property damage sustained when the left rear wheel of her 1960 Volkswagen Microbus came off the axle causing the vehicle to leave the road and to overturn.
The facts pertinent to this appeal are: The appellant bought a Volkswagen Micro-bus new in I960; the Microbus had been operated approximately 90,000 to 100,000 miles primarily by appellant and mostly on paved roads over the seven year period. The appellant testified that about March 7, 1967, she had trouble with her Microbus, in that the Microbus would slow down almost to a stop, and then when she depressed the accelerator, it would pick up again. On March 7, 1967, appellant took the Microbus to Sports Cars, Ltd., in Jackson, Mississippi. Points were replaced and the fuel line was blown out, but the problem was not remedied. On March 10, 1967, the appellant returned the Microbus to Sports Cars, Ltd. At this time she was advised that she needed to replace a tire and to have her wheels balanced. The shop foreman at Sports Cars, Ltd., sent the car to Big 10 Tire Company, where two recapped tires were placed on the Microbus. After the repairs were made the Microbus was returned to Sports Cars, Ltd., who returned the bus to the appellant and billed her for the repairs. Since these repairs still did not remedy the problem, on March 14 the appellant again returned her Microbus to Sports Cars, Ltd. This time a new fuel pump was placed on the Microbus, and, according to appelant’s testimony, there was no recurrence of the previous problem. However, at approximately 9:30 A.M. on May 11, 1967, as appellant was driving her Microbus on the access road parallel to U. S. Highway 80, in a westerly direction, at approximately forty miles per hour, at a point about a mile or a mile and one-half from appellant’s home, the left rear wheel came off of the Microbus causing the Mic-robus to leave the road and to turn over.
Three lug bolts were found at ten to twelve foot intervals on the service road in the direction from which the vehicle came. According to the testimony of the appellant, she had driven the Microbus only four or five times to Mississippi College and once to Jackson or about one hundred fifty miles from March 10, 1967, until the date of the accident on May 11, 1967. Appellant charged the defendants with negligence in that they failed to properly affix the lug bolts on the left rear wheel of the Microbus. The appellant put on witnesses whose business was working with automobiles, and these witnesses testified that if the lug bolts had been properly affixed the wheel would not have come off after only one hundred fifty miles of driving.
The appellant introduced a repair invoice No. 2853 from Sports Cars, Ltd., dated 3-7-67 which had written under the heading speedometer the numbers 692. A witness for the appellees testified that when he examined the speedometer the day before the trial, it read 1468. Based upon these figures the appellees made up hypothetical using the mileage driven of approximately 800 miles, both in examining their expert witnesses and in cross-examining the expert witnesses of the appellant. The testimony of appellees’ witnesses was to the effect that the Microbus could not have run 800 miles with loose lug bolts, and three of appellant’s witnesses on cross-examination agreed with this testimony.
One witness for the appellant said that the wear on the lugs suggested that the wheel had been operated with loose lugs. A witness for the appellees said that the wear on the lugs indicated only a few miles. The same witness also testified that %2 of the tread had worn off one side of the tire and Vz2 off the other and that, on the average, %2 tread indicated 1800-2000 miles wear.
The appellees in their answers to the declaration of appellant stated that the shop foreman at Sports Cars, Ltd., had warned appellant that the reduction gears *110 were worn and should be replaced and that this condition could be dangerous, but that she refused to have these repairs made. Appellant stated that she had no vibrations of the rear of her car such as that caused by worn reduction gears. The appellant posed to her expert witnesses hypothetical involving vibrations from worn reduction gears. However, the appellees never introduced any evidence to that effect, but followed appellant’s lead in posing hypothetical along the same line. Appellant in her motion for a new trial which was sworn to stated that appellees had raised the question of worn reduction gears in their opening statements and in the trial, but had never produced any evidence to that effect.
The proof shows that after the accident on May 11 appellant was taken to Hinds County General Hospital where she stayed until May 15, 1967. She was in shock and had deep bruises and contusions on her head and mild contusion bruises and brush burns over her entire body. Her most severe bruises were on the right buttock, in the lower lumbar spine area, and on her right leg. For a time thereafter she had hematoma, a bleeding and collecting of blood in the tissues. Since the accident appellant has been to her doctor three times and has called him on several occasions. She has been treated with bed rest, muscle relaxants, and sedation. A bill from the Hinds County General Hospital addressed to Mr. Bigelow was placed in evidence showing total charges of $727.50. Testimony was also given by Dr. Reynolds as to emergency room charges of $20 and six visits with him at $5 each. The proof showed that the appellant returned to her teaching duties within a week after her release from the hospital and that she lost no teaching pay, but that she had to rest between classes and could not do all that was needed for a well done job. She continued to have pain in her leg and back which could be aggravated by such things as riding in a car or wearing high heels.
The appellant was last examined on February 3, 1968. There was pain in the buttocks and lower back, and a straight leg test on the right leg caused pain at 35°. Appellant’s testimony, substantiated by her husband, was to the effect that she is nervous, fearful, and easily fatigued and that she cannot take care of her housework or engage in sports as she had done prior to the accident. Appellant’s proof shows that she was unable to sell real estate the summer following the wreck as she had in preceding summers. Appellant’s proof showed that the preceding summer she had made $1800 selling real estate and the year before that, $2400. The proof also showed that she was unable, due to pain and fatigue, to meet the deadline on the writing of a book which she had been commissioned to complete by that summer.
Appellant makes twelve assignments of of error. Assignments Nos. 4, 6, 7, 10, 11, and 12 relate to instructions granted appel-lees. Assignment No. 1 states that the trial court committed reversible error in allowing each defendant four peremptory jury challenges. Assignment No. 2 suggests error in allowing appellees to pose hypothetical questions not supported by evidence. Assignments No. 3 and 9 relate to the refusal of the trial court to grant appellant a peremptory instruction or a new trial. Assignment No. 5 alleges error in permitting leading questions to be asked of defense witnesses by defense attorneys. Assignment No. 8 states that the trial court committed reversible error in allowing an atmosphere of rumor and intrigue to develop.
Instruction No. 4 for defendant, Big 10 Tire Co., Inc., reads as follows:
The Court instructs the Jury for the defendant, Big 10' Tire Co., Inc., that if the rights of the plaintiff are doubtful in the minds of the Jury so that a decision in the case will be a mere guess as to who is right, the plaintiff in her suit or this defendant in its defense, the jury should find for this defendant Big 10 Tire Co., Inc., because the burden is upon the plaintiff to prove her case by the *111 greater weight of the believable evidence or plaintiff has no right to recover.
The first part of this instruction, particularly the portion which states “if the rights of the plaintiff are doubtful” places a greater burden of proof on the plaintiff than is required in a civil case. The logical conclusion to be derived from the instruction is that the jury is required to believe that the plaintiff must prove her case beyond a reasonable doubt. While the last half of the instruction to some extent helps clarify the earlier statement, we feel that the statement as a whole is misleading and erroneous.
Likewise, Instruction No. 9 for defendant, Sports Cars, Ltd., is erroneous. That instruction reads:
The Court instructs the jury for the Defendant, Sports Cars, Ltd., that the mere fact that an accident occurred and plaintiff was injured constitutes no evidence whatsoever of any negligence on the part of the Defendant, Sports Cars, Ltd., and furthermore, the Court tells you the fact that the accident occurred does not so much as raise a presumption that it was due to any act of carelessness or negligence on the part of the Defendant, Sports Cars, Ltd.
Under the facts presented in this case the instruction is very misleading. Although we cannot agree with appellant’s contention that the doctrine of res ipsa loquitur should be applied to the case be-because the doctrine is not necessary where the plaintiff has made out a prima facie case and although negligence will not be presumed because the injury occurred, the accident is a proper circumstance or fact to be considered by the jury in reaching its conclusion. DeLaughter v. Womack, 250 Miss. 190, 164 So.2d 762 (1964). The effect of the instruction quoted above is to remove this very important fact from consideration by the jury.
There are several other instructions which lack the requisite factual bases. On a retrial the defendants should be certain that their instructions are based upon the facts in evidence in the case.
Having concluded that there must be a retrial based upon the erroneous instructions heretofore discussed, we need not discuss individually all of the other assignments of error, but certain observations in regard to the retrial are necessary. The record clearly shows that the interests of the two defendants are not conflicting, but in fact are practically identical. The question of agency which is disputed in the pleadings was not raised» at the trial. Since the trial judge had only the pleadings upon which to base his ruling we cannot hold that he was in error in allowing each defendant four peremptory challenges. On a retrial with the same proof of common or identical interest there should be allowed only four challenges for both defendants. It also follows, therefore, that because the interests of the two defendants are so close-knit one defendant should not be permitted to cross-examine or ask leading questions of the witnesses of the other defendant. Finally we must emphasize the rule that hypothetical questions must be supported by credible evidence. We do not feel that the speedometer reading made on 3-7-67 was properly used in computing the figures for the defendants’ hypotheticals in view of the fact that no attempt was made to show the use to which the car was put between March 7 and 10. It is not beyond the realm of probability that the car could have been driven the full 800 miles or a substantial part thereof during that period.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, JONES, and SMITH, JJ., concur.